STEPHEN C. JOHNSON, APPELLANT, v. ALEXANDER ELWOOD, RESPONDENT.

*Action — death of defendant — when it does not abate.*

In this action, brought to restrain the defendant from entering upon certain lots, and cutting and removing timber and bark therefrom, a temporary injunction was granted. Subsequently, and before trial, defendant died. More than two years after his death, his heir-at-law and administratrix applied for an order requiring the plaintiff to substitute them as defendants and continue the action by supplemental complaint, or that the action be discontinued.

*Held,* that an order to that effect was properly granted, and that the same should be affirmed.

APPEAL by the plaintiff from an order of the Special Term of this court, made on the motion of Charles S. Elwood, the heir-at-

law, and Lydia Elwood, the administratrix of the defendant above named, now deceased, and directing the plaintiff to elect whether he would discontinue this action, or continue it by supplemental complaint against said administratrix.

The action was brought to restrain the defendant from cutting timber, and peeling bark on, and removing the same from lots 33 and 41, of the Spooner tract, in the town of Colchester, Delaware county, to which the plaintiff claims title. The answer consists of a general denial, an averment of the title in the defendant, and a plea of former suit in bar.

The papers show that the defendant died in the latter part of the year 1875, intestate, leaving an only son and heir-at-law, Charles S. Elwood, and a widow, Lydia Elwood, who was afterwards duly appointed administratrix of his estate; that at the time of the commencement of this action, the defendant had cut timber and peeled bark on said lots in large quantities, which he was restrained from removing by temporary injunctions obtained and served by the plaintiff; that during the pendency of this action, the Court of Appeals in other actions had decided adversely to the plaintiff's claim of title to the lands in controversy; and that the plaintiff now refuses either to discontinue the action, or to continue it against the defendant's successors in interest.

The court below held that, as to the heir-at-law, the action abated at the death of the defendant, but that as to the representative, it survived for some purposes; that it could not be continued on motion of the representative, for the reason that more than one year had elapsed since the death of the intestate; but that it could be continued after that time by supplemental complaint, and accordingly ordered the plaintiff to elect, within twenty days, whether he would continue the action in that manner, or would discontinue it.

The appellant claimed that the action abated for all purposes on the death of defendant, and could not be continued.

*Gleason & Murray*, for the appellant.

*Youmans & Niles*, for the respondent.

*Per Curiam:*

The order is, in substance, correct. The form is not complained of. By the injunction granted, defendant was restrained from doing certain acts. It is fair to assume he was injured by such restraint, if plaintiff wrongfully procured the injunction. By the death of defendant, the action abated. The administrators of defendant could not, without plaintiff's consent, procure themselves to be substituted as defendant's. Their only remedy, therefore, was by motion to compel plaintiff to substitute them as defendant's, or for a dismissal of the complaint. Otherwise, the plaintiff, by neglect to act, could avoid the consequences of any improper action in procuring the injunction, and escape the payment of such damages as may have been caused thereby. It cannot be that such a possible wrong can be sanctioned by the law. The action should be terminated by discontinuance or a dismissal of the complaint, or else the plaintiff should make the substitution provided for in the order.

The order of Special Term should, therefore, be affirmed, with $10 costs and printing.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Order affirmed, with $10 costs and printing.